THE OHIO AND MISSISSIPPI R. W. Co. v. SWARTHOUT.

RAILROAD.—*Condition on Ticket.*—*Complaint for Carrying Passenger past Station.*—The words "good on passenger trains only," contained on a ticket issued and sold by a railroad company to a passenger, do not amount to an agreement that all of its passenger trains will stop at the stations designated on the ticket. And, in an action by the passenger, against the company, to recover damages for carrying him past his destination named on such ticket, the complaint should aver that the train on which he was so carried was one which, under the regulations of the company, should have stopped at that station.

From the Ripley Circuit Court.

*C. A. Beecher, E. C. Devore, W. D. Ward* and *J. B. Rebuck,* for appellant.

*E. P. Ferris, G. Swarthout* and *W. W. Spencer,* for appellee.

WORDEN, J.—Action by the appellee, against the appellant. Demurrer to the complaint for want of sufficient facts overruled, and exception. Final judgment for the plaintiff.

The complaint was as follows :

"Aaron L. Swarthout, plaintiff, complains of the Ohio and Mississippi Railway Company, defendant, which is a corporation owning and operating a railway known as the Ohio and Mississippi Railway, and says that the defendant, before and at the time of committing the acts hereinafter mentioned, were and still are common carriers of passengers in cars run by defendant on their said railway, for that purpose, for certain reward, between the city of Cincinnati, Ohio, and St. Louis, Missouri, which said railway passes through the county of Jennings, State of Indiana. Plaintiff says he resides at Hardenburgh, a station for freight and passengers on said railway, in said county of Jennings, and that on the 8th or 9th day of March, 1875, he purchased of defendant, at said station of Harden-

burgh, a first-class ticket (copy of the return part of the ticket is filed herewith, the other part was taken up by the defendant) of defendant's agent at said station of Hardenburgh, and paid said agent four dollars and eighty cents, defendant having tickets there to sell, which ticket so purchased entitled plaintiff to a passage in a first-class passenger car and no other, to the city of Cincinnati aforesaid, and return to said Hardenburgh station aforesaid, on defendant's said railway aforesaid. Plaintiff avers that on the 8th or 9th day of March, 1875, he got on board of a first-class passenger train, pursuant to the purchase of said ticket, and rode therein to the city of Cincinnati, State of Ohio, with and by no other permission than the ticket aforesaid, but that on his return from the city of Cincinnati, on said 9th day of March, 1875, on a first-class passenger train of defendant's, run on their said railway aforesaid, in charge of one Farmer, who was conductor and agent of defendant for conducting said train on which plaintiff was a passenger, which said train runs from Cincinnati to St. Louis as aforesaid, and which train was at the time a night train.

"Plaintiff further avers that, when said train approached the station of Hardenburgh on said railway aforesaid, said conductor neglected and refused to stop his said passenger train at said station, at Hardenburgh, the home of the plaintiff, and let plaintiff get off of said passenger train, though requested and demanded so to do by plaintiff; and plaintiff further avers that one Woodward, who was superintendent at the time of said railway, and who had authority over said conductor and train, was on said train, and could have stopped said train at said Hardenburgh station, for the purpose of letting plaintiff get off of said train, who also, when applied to by plaintiff to stop said train, for the purpose of letting him get off, utterly and wholly refused so to do; and plaintiff further avers that, in consequence of the

wrongful acts and negligence of the defendant in not stopping said train aforesaid, and without fault or negligence of plaintiff, defendant took him past his house and station at Hardenburgh, at a late hour of the night, and thereby compelled him to stand the danger incident to night travel on said railway, to a station some eight miles beyond his house, thereby causing and compelling him to return on foot at a late hour of the night, to his damage.

"Plaintiff further avers that he was not at the time in very good health, and being kept up at night and broke of his rest in consequence of the action of defendant, he was greatly injured ; and further, that he is engaged in the mercantile business, and, while absent as aforesaid, he left his son in charge of his business, who was afflicted with rheumatics, and that it was important for him to be at home as well for his own health as also to look after the health of his said son, and also to look after his business, by reason of all of which wrongs and gross and wilful acts of defendant, plaintiff says he is damaged in the sum of twenty thousand dollars. Wherefore," etc.

Exhibit.

## " OHIO AND MISSISSIPPI RY.

### " FIRST-CLASS TICKET.

"Cincinnati ; return to Hardenburgh. Good on passenger trains only, within five days from date. March 9th, 1875."

We do not perceive any substantial difference between this case and that of *The Ohio, etc., R. R. Co.* v. *Hatton,* 60 Ind. 12, in which the complaint was held insufficient.

Here, as in that case, it does not appear by the complaint, that the company undertook to carry the plaintiff upon any particular train, nor that the train by which he took return passage was one which, by the public running arrangements made by the company, stopped at Hardenburgh. For aught that appears by the complaint, the train

taken by the plaintiff on his return may have been one which did not, in accordance with the public running arrangements of the company, stop at the place mentioned.

The words in the ticket set out, "Good on passenger trains only," were intended, we suppose, to prevent any implication that the company was bound to carry the holder on freight, or any thing but passenger trains. They did not impose any obligation on the company to carry the holder on any passenger train that did not, in accordance with the public running arrangements of the company, stop at the place named, and to stop there, contrary to those arrangements, to discharge him.

The case above cited is decisive of the present, and we must hold the complaint insufficient.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance herewith.