The Chicago, St. Louis and Pittsburgh Railroad Company *v.* Bills.

No. 11,702.

## THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILROAD COMPANY *v.* BILLS.

RAILROAD.—*Ejecting Passenger from Train.—Liability of Company.*—A railroad company is liable to one who has been ejected with unnecessary force from a train by the conductor, although the latter had a right to expel such person and to use reasonable force for such purpose.

SAME.—*Degree of Force.*—The degree of force is not to be determined by results only, but other facts, such as the resistance made by the passenger, must be taken into consideration.

SAME.—*Complaint.*—Where a complaint proceeds upon the theory that unnecessary force was used in ejecting the plaintiff, it must state such facts as show that the act of the conductor was unlawful, *i. e.*, by alleging facts showing that the force employed was unnecessary.

SAME.—*Wrongful Expulsion.*—An action may be maintained against a railroad company by one who has been wrongfully ejected from a train, without regard to the degree of force used in the expulsion.

SAME.—*Stopping at Stations.—Rules of Company.—Rights of Passengers.*—A passenger has no right on a train which, under the rules of the company, does not stop at the station for which he purchased a ticket.

SAME.—*Complaint.*—A complaint by a ticket-holder for wrongful expulsion must aver that, under the rules of the company, the train on which he took passage should stop at the station named on his ticket.

PLEADING.—*Theory of Complaint.*—A complaint must proceed upon a distinct and definite theory, and upon that theory the case must stand or fall.

From the Madison Circuit Court.

*N. O. Ross*, for appellant.

*M. S. Robinson, J. W. Lovett* and *C. D. Thompson*, for appellee.

ELLIOTT, J.—The appellee alleges in his complaint, that the appellant owns and operates a line of railroad extending through the counties of Madison and Tipton, in this State, and that it is engaged in the business of transporting freight and passengers for hire; that Elwood, in Madison county, and Curtisville, in Tipton county, are each stations at which passengers and freight are received and discharged; that in September, 1883, the appellee was engaged in the business

of buying and selling live-stock, and had in the pens of the appellant at Curtisville "forty head of cattle," ready for shipment; that he desired to go from Elwood to Curtisville for the purpose of shipping the cattle, and bought from the appellant's agent at the former station a ticket for Curtisville; that he entered one of the passenger trains of the appellant, presented his ticket to the conductor, who informed him that the train would not stop at Curtisville; that the conductor refused to receive the ticket and ejected the appellee from the train. There are allegations as to the manner in which the conductor ejected the appellee, of which we shall speak at another place.

The appellant's counsel assumes that the complaint is constructed upon the theory that the appellee was wrongfully ejected from the train, and, proceeding upon this assumption, asserts that the complaint is bad because it does not aver that the rules of the company provided that the train entered by the appellee should stop at the station for which he took passage. The appellee's counsel contest the assumption of appellant, and affirm that the theory upon which the complaint proceeds is, that the conductor used unnecessary force in ejecting the appellee from the train.

We have no doubt that the law is, that if the conductor uses unnecessary force in ejecting a passenger, the company is liable, although the conductor may have a right to eject him and to employ reasonable force to expel him from the train. McClure v. Philadelphia, etc., R. R. Co., 34 Md. 532 (6 Am. R. 345); Shedd v. Troy, etc., R. R. Co., 40 Vt. 88. This is but the application of an old principle, old as the law itself, to a modern instance; for it has ever been the law that no man has a right to employ unnecessary force in doing any act. While it is true that a conductor may not use unnecessary force to eject a passenger, it is also true that he may employ reasonable force to accomplish that object. The degree of force is determined, not by results simply, for other facts must be taken into consideration, and chief among such

facts is the resistance made by the passenger. It is obvious that a passenger who makes no resistance can not lawfully be treated like one who does resist the commands and efforts of the conductor. Resistance may make great force necessary and reasonable; while acquiescence in the directions of the conductor may render any degree of force unnecessary and unreasonable. If words will accomplish the object, force should not be employed.

The use of unnecessary force is unlawful. He who constructs a complaint upon the theory that unnecessary force was used in expelling a passenger from a railroad train, proceeds upon the ground that an unlawful act was committed. One who bases his cause of action upon the performance of an unlawful act must affirmatively show it to be unlawful; the appellee does base his cause of action upon the performance of an unlawful act, and it therefore devolves upon him to show that it was unlawful. Acts can not be shown to be unlawful by epithets; facts alone can have this effect. The result of these principles is, that this complaint can not be good upon the theory assumed by the appellee unless it states such facts as show that the act of the appellant's conductor was unlawful. In order to show that the act was unlawful, it is essential to state facts showing that unnecessary force was employed in ejecting the appellee from the train. In our opinion no such facts are stated. These are the averments of the complaint upon this point: "That the conductor stopped the train and put the plaintiff off the train, beside the road, about one mile from Elwood. And the plaintiff further alleges that he is so afflicted with a disease called hernia, that he is compelled to wear a truss, and that, in putting him off the train, the conductor used so much force and violence that he broke his truss and rendered it entirely useless, and the conductor also threw him violently to the ground and greatly bruised and wounded him." These allegations do show that force was used, but they are far from showing that it was unnecessary. For anything that appears,

the conductor may have used the least possible degree of force necessary to expel the appellee from the train. It may be that the resistance of the appellee made necessary all the force that the conductor used. We can not presume that the conductor did an unlawful thing; on the contrary, the presumption is that his act was lawful. A plaintiff can not make a cause of action upon an unlawful act, without averring facts showing it to be unlawful, for the presumption is against him. We could not hold the complaint good even if we agreed with appellee's counsel in their view of the theory upon which it proceeds.

It is essential to the formation of issues and to the intelligent and just trial of causes, that a complaint should proceed upon a distinct and definite theory. It would violate all rules of pleading to permit a complaint to be construed as best suited the exigencies of the case; to allow such a course of procedure would produce uncertainty and confusion, and materially trench upon the right of the defendant to be informed of the issue he is required to meet. The rule is, that the complaint must proceed on a distinct and definite theory, and upon that theory the case must stand or fall. Many times our own, and other courts, have asserted and enforced this rule. *Bremmerman* v. *Jennings*, 101 Ind. 253, and authorities cited; *Mescall* v. *Tully*, 91 Ind. 96, and authorities cited. We are clear that the complaint before us, judged, as it must be, by its general scope, does proceed upon the theory that the appellee is entitled to recover because he was wrongfully ejected from the appellant's train.

We adopt the appellant's construction of the complaint, and will examine its sufficiency upon the assumption that it seeks a recovery on the ground that the appellee was wrongfully ejected from the appellant's train by its conductor. If the appellee was wrongfully ejected, then the complaint is good irrespective of the degree of force used in putting him off; for the law is well settled that an action may be maintained for the wrongful expulsion of a passenger. The

pivotal question in such case is, was the passenger rightfully on the train? Upon this question the authorities give an answer against the appellee, for it is settled that the passenger has no right on a train which, under the rules of the company, does not stop at the station for which he purchased a ticket. In discussing a case of this character, the Supreme Court of Illinois said: "In such a case, the passenger is in the wrong, and has no right to insist that he should be safely put off at the point he desires, or be carried through without charge." *Chicago, etc., R. R. Co.* v. *Randolph,* 53 Ill. 510 (5 Am. R. 60). In *Beauchamp* v. *International, etc., R. W. Co.,* 56 Texas, 239 (9 Am. & Eng. R. R. Cases, 307), a like principle is declared, and it was said: "The plaintiff being the actor, the burden devolved upon him to make out a case of liability arising from contract express or implied."

It was held in *Lake Shore, etc., R. R. Co.* v. *Pierce,* 3 Am. & Eng. R. R. Cas. 340, that "A passenger wrongfully on a railway train can recover no damages for his removal and exclusion therefrom except for needless violence." The decisions of this court assert the same doctrine as the cases cited. *Pittsburgh, etc., R. W. Co.* v. *Nuzum,* 50 Ind. 141 (19 Am. R. 703); *Ohio, etc., R. W. Co.* v. *Applewhite,* 52 Ind. 540; *Ohio, etc., R. W. Co.* v. *Hatton,* 60 Ind. 12; *Ohio, etc., R. W. Co.* v. *Swarthout,* 67 Ind. 567 (33 Am. R. 104); *Indianapolis, etc., R. R. Co.* v. *Kennedy,* 77 Ind. 507. As it is incumbent upon the plaintiff in an action of this kind to show that he was rightfully on the train from which he was removed, it is necessary for him to aver in his complaint, that the rules of the company provided that the train on which he took passage should stop at the station named on his ticket. A recent writer says: "In an action by the passenger, against the company, to recover damages for carrying him beyond his destination named on the ticket, the complaint should aver that the train on which he was so carried was one which, under the regulations of the company, should have stopped

at that station." 2 Wood Railway Law, 1415. The principle in the case in hand, and in those referred to by the author quoted, is substantially the same and is so recognized in *Ohio, etc., R. W. Co.* v. *Swarthout, supra.*

The trial court erred in overruling the demurrer to the complaint, and the judgment is reversed.

Filed Nov. 23, 1885.