STATE OF MINNESOTA *vs.* HARVEY HUNGERFORD.

June 18, 1888.

**Carrier of Passengers — Fares — Purchase of Ticket — Payment on Train.**—*Du Laurans* v. *First Div.*, etc., *R. Co.*, 15 Minn. 29, (49,) to the effect that a railroad company may charge more as fare to those paying on the train than it charges for tickets purchased before entering the train, followed.

**Same — Reasonable Opportunity to purchase Ticket.**—The condition attached to such right to discriminate, that the company shall give to persons desiring to travel on one of its trains a reasonable opportunity to purchase tickets, does not require it to keep its ticket office open within such time, before the departure of the train, that a person cannot procure a ticket and get upon the train before it begins to move.

Evidence *held* not to sustain the verdict.

Appeal by defendant from an order of the district court for Scott county, *Edson*, J., presiding, refusing a new trial after a conviction of assault in the third degree.

*H. J. Peck*, for appellant.

*Moses E. Clapp*, Attorney General, for the State.

GILFILLAN, C. J.　Prosecution for an assault.　The alleged assault consisted in the defendant, who was conductor of a passenger train on the Minneapolis & St. Louis Railway, taking hold of Nicolin, the complaining witness, who was a passenger on the train, for the purpose of putting him off because he refused to pay the fare demanded by defendant.　That a conductor may, using only the force reasonably necessary, (and no excess is claimed in this case,) remove from the cars a passenger who refuses to pay the proper fare when demanded by the conductor, is beyond question.　The fare on this railroad, from Jordan to Carver, to make which journey Nicolin had got upon the train, was, when paid on the train, 33 cents; but a regulation of the company made in all cases a deduction of 10 cents from what we may call the train rates of fare, to passengers purchasing tickets at the station, before entering the cars.　Nicolin had not purchased a ticket.　The defendant demanded of him 33 cents; he tend-

ered 25 cents, and refused to pay any more; whereupon defendant took hold of him to put him off. So the case turns on the defendant's right to require the payment of the 33 cents fare. That a railroad company may charge more to passengers who pay their fare on the train than it does for tickets purchased before entering the train (the difference, of course, being a reasonable one, and no one could say that in this case it was unreasonable) was affirmed by this court in the case of *Du Laurans* v. *First Div., etc., R. Co.*, 15 Minn. 29, (49.) To the right of the company to make that discrimination is, however, attached this condition: that it give to persons desiring to travel on its road a reasonable opportunity to purchase tickets, which includes the having a reasonably convenient place for the sale of tickets, and a person there to sell them for such reasonable time previous to the departure of the train as to enable persons to procure tickets, and enter the train, before it starts.

Ordinarily, the question whether the time thus given for the purchase of tickets is reasonable, is for the jury. The jury in this case must have found that reasonable time was not given; and upon that point the evidence does not justify the verdict. The testimony of Nicolin (and no other testimony on the point differs from it) is to this effect: The train was due at 4 minutes to 6 P. M. He was at the station at about half past 5 P. M., when the ticket office was open, the ticket agent there, and he had an opportunity to buy the ticket. He asked the agent if the train was on time, and was told it was not. He then went home to supper, from a quarter to a half a mile distant, when he heard the train whistle. The train was from 25 to 35 minutes late. He sprang into an omnibus, hurried to the station; arriving there, ran to the ticket office, called for a ticket, the agent not being in, came out, found the train started, and got on the train when it was moving, doing all this as hurriedly as he could. From the evidence no one could say that, after his arrival in the omnibus, he had a reasonable time in which to go to the ticket office, procure a ticket, and reach the train in time to get on before it began to move. The requirement of a reasonable opportunity to purchase tickets does not make it the company's duty to keep the ticket office open within such time, before the departure of a train, that persons purchasing

tickets cannot get on the train before it begins to move. Railroad companies ought not to sell tickets within that time. As a matter of public policy, no one except those operating it ought to be permitted to get upon a railroad train when it is in motion.

Order reversed.