Filed October 29, 1895.

---

No. 1,611.

## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* MATTHEWS.

PLEADING.— *Tort.* — *Willful Injury.* — *Complaint.* — *Negligence.* — Where the theory of the complaint is that of a willful injury, it is not necessary to allege the negligence of the defendant and the want of contributory negligence on the part of plaintiff.

SPECIAL FINDING.—*Negligence.*—*Willful Injury.*—Where the action

is for a willful tort. it is not necessary for the finding to show negligence or want of contributory negligence.

RAILROAD.—*Trespasser.*—*Willful Injury.*—The fact that one who enters a train is a trespasser will not justify a willful or wanton injury.

SAME. — *Evidence.* — *Statements of Station Agent.* — *Passenger.* — *Freight Train.*—In an action for damages for having been wrongfully expelled from a freight train, evidence of statements made by the station agent containing information concerning the arrival of the next freight train and that it would carry passengers, was admissible.

From the Madison Circuit Court.

*W. E. Hackedorn, J. B. Cockrum* and *Chipman, Keltner & Hendee,* for appellant.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon* and *C. Wolf,* for appellee.

REINHARD, C. J.—We are asked to reverse the judgment in this case on account of the alleged insufficiency of the complaint to which a demurrer was filed and overruled. The complaint is for a personal injury. It counts upon a violent and forcible expulsion of the appellee from appellant's freight train by the conductor. It is insisted that the complaint shows the appellee to have been a trespasser. Granting this to be so, it does not follow that the appellant's servant had a right to use the violence to which he resorted in order to eject the appellee. The theory of the complaint is that the appellee entered the car in the *bona fide* belief that it carried passengers. He had been informed by the station agent, it is alleged, that a freight train passing the station about the time of the arrival of this train would carry passengers to the station to which appellee desired to go. It is averred that the conductor violently assaulted the appellee and beat him, forcibly throwing him from the car while the same was going at the rate of ten

miles an hour, and seriously injuring him. In such a complaint it is not necessary to allege negligence on the part of the carrier, and freedom from negligence on the part of the traveler. The wrong charged is in the nature of a willful injury, and if the appellee was guilty of negligence or was even guilty of being a trespasser, a willful or wanton injury would not be justifiable. If the appellee was not entitled to ride upon the train, the conductor should have requested him to alight. It was time enough to resort to force and violence when the same became necessary. While it is true that a carrier owes no special duty to a' trespasser upon its train, "every member of the community owes to every other the duty of not wantonly exposing him to danger." Buswell Pers. Inj., section 71.

Nor is there any merit in the objection that the complaint fails to show that the conductor was acting within the scope of his authority or duty. It was the duty of the conductor to expel the appellee from the train if he was there in violation of the company's rules, and had he done so in a lawful manner, the appellant would have been protected. But because the conductor exceeded his authority in this respect, and accomplished that which it was his duty to do lawfully in an unlawful manner, the company will not be exonerated. Buswell Pers. Inj., section 33; *Indianapolis Union R. W. Co.* v. *Cooper*, 6 Ind. App. 202.

The next two errors assigned and discussed are considered together. They relate to the ruling of the court in overruling the appellant's motions for judgment on the verdict, and for a *venire de novo*. The appellant insists that the verdict is defective because it fails to show that appellee was free from contributory negligence. As the action is for a willful tort, it was not necessary for the finding to show either negligence on the part of

the appellant or freedom from negligence on the part of appellee. Railroad officials are not privileged to knock men down and drag them out because they inadvertently board a wrong train, although, technically speaking, they may be trespassers. What we have said in passing upon the sufficiency of the complaint applies with equal force to the special verdict.

The overruling of the appellant's motion for a new trial is assigned as error. The appellant vigorously assails the verdict of the jury and insists that it is unsupported by the evidence. We are of a different opinion.

In support of the motion for a new trial, it is also contended that the court erred in admitting improper testimony. This consisted of some statements made by the appellant's station agent at Orestes, in response to an inquiry made of him by appellee. The statement contained some information concerning the arrival of the next freight train, and that it would carry passengers. There was no error in the ruling. If he had information that a freight train arriving about that time would carry passengers to the station to which he wished to go, and if in good faith he boarded appellant's train, believing it to be the one the agent spoke about, such information was proper to be considered to show the animus of the appellee when entering the train. The agent had a right to give such information, even if he was in a billiard saloon at the time, in place of his office. It is not claimed that the information which the appellee received from the agent was incorrect. If the appellee made a mistake and got in the wrong train, we see no good reason why he should not be allowed to prove it. Had appellee entered the train with the avowed intention of committing some aggressive wrong, would not the appellant have had the right to show this, and would

the counsel not have insisted upon it? It would certainly make some difference in the measure of damages to which a plaintiff in such an action is entitled, whether he boarded the car in good faith, though mistaken in his rights, or with some sinister purpose or intention, and knowing that he was violating the rules of the company.

Judgment affirmed.

Filed October 29, 1895.