## THOR G. REED v. GREAT NORTHERN RAILWAY COMPANY.

May 2, 1899.

Nos. 11,599—(53).

Carrier—Special Permit for Passenger upon Freight Train—Ejecting Passenger without Permit.

When a railway company has adopted a rule whereby any person having transportation is allowed to ride in the caboose of a certain freight train, if he first procure a permit from a station agent, blanks being kept at each station to be filled out on application, the transportation and the permit must be taken together, and considered as a freight-train ticket. The right to eject a person from such a train, who offers his transportation to the conductor, but has no permit, depends upon the fact that

a reasonable opportunity has been given the person to obtain this permit at the station at which he takes the train.

## Variance—Waiver by Conduct of Counsel.

At the trial of this action, all evidence as to plaintiff's attempt to secure a permit at the station, and his inability to do so, was produced by defendant's counsel. Assuming that there was a fatal variance between this proof and the allegations found in the complaint, it is *held* that counsel for defendant waived the variance, and could not afterwards move the court to direct a verdict for defendant on the ground thereof.

## Evidence—Question for Jury.

*Held*, on the evidence in this case, that whether a reasonable opportunity to obtain a permit had been accorded plaintiff was a question for the jury.

Action in the district court for Wright county to recover $5,000 damages by reason of the ejectment of plaintiff from defendant's train. The court, Tarbox, J., directed a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*F. E. Latham*, for appellant.

*W. E. Dodge* and *Charles S. Albert*, for respondent.

COLLINS, J.[1]

Without undue force or violence, plaintiff was ejected from the caboose, and compelled to leave one of defendant's freight trains, at a small station in Wright county. This action was brought to recover damages therefor.

Plaintiff knew that, in order to ride upon this particular train, every person was obliged to comply with one of defendant's rules, and first procure a permit so to ride,—blanks being kept at each station for this purpose;—which permit was to be surrendered to the conductor together with a passage ticket. His counsel contends that from the evidence it clearly appears that he endeavored to obtain such a permit before boarding the train, and had no reasonable opportunity so to do. Counsel further claims that the conditions found in this permit—a copy being produced in evidence—are unreasonable and illegal, and for that reason plaintiff was en-

[1] BUCK, J., took no part.

titled to ride in the caboose upon payment of his fare, which in fact he tendered to the conductor.

The defendant company had the undoubted right, having made proper provision for passengers upon other trains, to refuse to carry passengers upon its freight trains. And it had, according to the authorities, the right to adopt and enforce reasonable rules and regulations under which passengers could be allowed to ride upon its freight trains. Whether the conditions found in the permit now under consideration were or are reasonable, or whether the plaintiff was entitled to ride without a permit, in case it should be held that they were and are unreasonable, we need not now determine. It stands conceded that plaintiff was fully informed as to the nature of these conditions; that he had previously and frequently filled out the blanks, procured the agent's signature, and then used them upon this same freight train. He made no objection to the conditions imposed, and endeavored, as he claims, to comply with the requirement on the day in question, and to obtain a permit before boarding the train. His excuse for being without it on this occasion was, not that its conditions were illegal, but that he was improperly deprived of an opportunity to obtain it. Taking this view, the inquiry is whether, upon the evidence as to plaintiff's efforts to comply with the rule and secure a permit, there was any question of fact for the jury to pass upon. If there was, it follows that the court below erred when directing a verdict in defendant's favor.

Defendant company made no discrimination, but issued these permits to all persons, having transportation, who made application therefor; so that, taking the permit and the transportation together, they amounted to a freight-train ticket, which any one could secure. According to the undisputed evidence, plaintiff, a commercial traveler, reached the station about 15 minutes before the train started. It was then at the station, and defendant's agent was out on the platform, engaged in receiving freight from it. Plaintiff applied to him for the permit, and was told that he could have one as soon as the agent had time to make it out. None was furnished, and, after waiting until just as the train was moving, plaintiff stepped on board. The agent, when asked at the trial if there was time to issue the permit, had plaintiff made another application,

replied, "The train started pretty soon after that," and, when questioned concerning the departure of the train immediately after he got through haudling the freight on the platform, answered that it started "pretty shortly" afterwards. It also appeared that the agent stood in the doorway of the depot building when the train moved.

From this evidence as to what the agent was doing when plaintiff applied for the permit, 15 minutes prior to the departure of the train, his reply to plaintiff's application, his rather evasive way of answering questions concerning his whereabouts and employment almost up to the very minute the train started, and his whereabouts at that time,—standing in the doorway,—we are of the opinion that the jury would have been warranted in finding that plaintiff reached the station seasonably; that the ticket office was then closed, and remained so until after the train left the station, and, as a consequence, the plaintiff, through no fault of his, was deprived of an opportunity to obtain the permit. This conclusion is fairly inferable from the testimony, as before indicated.

If, then, on these facts, the case is analogous to those in which the rule relative to the rights of persons who propose to become passengers upon trains on which tickets are absolutely necessary in order to ride, or where an extra amount must be paid in case persons board without tickets, the ejectment of plaintiff was illegal, and he may recover damages. In such cases the universal rule is that tickets must be furnished at the station, and if, by the fault of the railway company, there is a failure to furnish, and passengers enter without tickets, but offer to pay their fares, they must be allowed to ride. The trainmen cannot eject them lawfully. The right to compel persons to leave trains under such circumstances depends on the fact that a reasonable opportunity has theretofore been given to obtain tickets at the usual rates. We are unable to see why this rule is not applicable to a case of this nature, and defendant's counsel do not contend that it is not. Such rule must be applied, if, taken together, we are to treat the permit and the transportation as a freight-train ticket; and that is what they amount to. As having a bearing, see Indianapolis v. Kennedy, 77 Ind. 507. We conclude, on this point, that defendant's right to eject plaintiff from

the train in question depended upon the fact that he had been given a reasonable opportunity to comply with defendant's rule and obtain the permit; and, as to this, the evidence made a case for the jury.

Counsel for defendant claim that there was a fatal variance between the allegations of the complaint and the evidence. Probably there was a variance, but it appears from the record that all this evidence relating to plaintiff's attempt to procure a permit was brought out by counsel themselves, and not by plaintiff's attorney, —first when cross-examining plaintiff, and later when, during the cross-examination of the station agent, who had been called in plaintiff's behalf, they expressly made him their own witness, evidently for the purpose of going into this subject. By pursuing this course they waived the right to move for a verdict on the ground of variance.

Order reversed, and a new trial granted.