## INDIANA, DECATUR AND WESTERN RAILWAY COMPANY *v.* DITTO.

[No. 19,866. Filed May 27, 1902.]

CARRIERS.—*Freight Train.—Ejection of Would-be Passenger.*—One who had taken passage on a freight train, was told by the conductor, after the train had gone about three miles, that he could not be carried, and if he did not get off he would be put off. He started to leave the train, and, the conductor following him to the platform of the car, threatened to throw him from the car if he did not alight. *Held,* that the action and conduct of the conductor amounted to a forcible ejection. *pp. 670-672.*

SAME.—*Ejection of One Not Entitled to Passage.*—If a person not entitled to be carried as a passenger is injured by being ejected while the car is in motion, the railroad company is liable for such injury. *p. 672.*

APPEAL.—*Record.—Rules of Court.*—The party asserting that a ruling of the trial court is erroneous must cite the page and line of the record containing such ruling. *p. 672.*

SAME.—*Rules of Supreme Court.—Names of Witnesses.—Index to Record. —Evidence.*—Assignments of error that the verdict is contrary to law, and not sustained by sufficient evidence, will not be considered on appeal, where the rules of the Supreme Court requiring the names of witnesses and the character of the examination to be placed on the margin of the record, and a recital of the evidence in narrative form, have not been complied with. *p. 673.*

From Vermillion Circuit Court; *A. F. White,* Judge.

Action by Robert R. Ditto against the Indiana, Decatur & Western Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*F. F. James* and *R. D. Marshall,* for appellant.
*H. H. Conley* and *P. Conley,* for appellee.

Monks, J.—This action was brought by appellee against appellant to recover damages for personal injuries alleged to have been received by appellee while riding upon a freight train on appellant's railroad. A trial resulted in a verdict in favor of appellee, and, over a motion for a new trial, judgment was rendered thereon against appellant. The assignment of errors calls in question the action of the court in overruling appellant's demurrer to the complaint, in sustaining appellee's demurrer to the second and third paragraphs of appellant's answer, and in overruling appellant's motion for a new trial.

It is insisted by appellant that the complaint is not sufficient, because it is not alleged that said freight train was one which, under the rules and regulations of the company, carried passengers between the stations named on appellee's ticket. *Chicago, etc., R. Co.* v. *Bills,* 104 Ind. 13, 17; *White* v. *Evansville, etc., R. Co.,* 133 Ind. 480, 486, 487; *Indianapolis, etc., R. Co.* v. *Kennedy,* 77 Ind. 507, 510; *Pittsburgh, etc., R. Co.* v. *Lightcap,* 7 Ind. App. 249; *Chicago, etc., R. Co.* v. *Field,* 7 Ind. App. 172, 52 Am. St. 444.

Appellee, however, contends that it is not material whether or not he was in fact a passenger, or whether said freight train carried passengers, for the reason that the complaint charges an injury for which appellant was liable even if said train, under the rules of the company, did not carry passengers. Citing *Chicago, etc., R. Co.* v. *Bills, supra; Citizens St. R. Co.* v. *Willoeby,* 134 Ind. 563, 565, 566; *Lake Erie, etc., R. Co.* v. *Matthews,* 13 Ind. App. 355.

The complaint is not a model of good pleading, and it is somewhat difficult to determine the theory upon which it was drawn. We think, however, after a careful examination of its allegations, that it charged an injury for which appellant was liable, although said train did not carry passengers. It appears from the complaint that appellee had a ticket which entitled him to be carried on appellant's railroad from Hume to Dana; that he was informed by appellant's ticket agent that a certain freight train would stop at Dana, and that it carried passengers to that point when it was required to stop for other purposes, and directed him where to board said freight train; that appellee entered the caboose of said freight train, and, after the same had gone about three miles, the conductor in charge of said train refused to take his ticket, and ordered him to get off the train at once, using the most vile and insulting language, and applying to appellee the most opprobrious and insulting epithets. The conductor continued his abusive language, demanding that appellee get off the train. Appellee protested, and declared he could not get off when the train was running at that rate of speed. The conductor had the train "slowed down," but declared it would not stop, and that appellee must get off, or he would throw him off; that appellee, to avoid being assaulted and thrown from the train, went on to the steps of the caboose, and the conductor followed him out and stood over him and ordered him to get off, or he would throw him off; that to save himself from assault and injury, appellee attempted to get off the train while it was moving, and was injured. It was so dark when appellee attempted to get off the train that he could not see.

It is true that it is not alleged that the conductor touched appellee, but it is clear that appellee was compelled, by the order and demonstrations of the conductor, to attempt to get off the train while it was moving, when it was so dark appellee could not see, the conductor refusing to stop the train, and that appellee was injured thereby. Appellee did not

attempt to get off merely because the conductor ordered him to do so, but the acts and conduct of the conductor in following him out of the caboose and standing over him while he was on the step and threatening to throw him off unless he got off while the train was moving, were equivalent, under the circumstances, to actual force.

If a person not entitled to be carried as a passenger is injured by being ejected while the car is in motion, or in a dangerous and improper place, where he is exposed to unnecessary peril, the railroad company is liable for such injury. 4 Elliott on Railroads, 2575.

The second and third paragraphs of answer allege facts showing that said freight train did not carry passengers, except on a permit issued by the superintendent of said railroad. As the complaint charges an injury for which appellant was liable, even if said train did not carry passengers, it is clear that the facts alleged in said paragraphs were not a defense to such action.

A number of causes assigned for a new trial call in question rulings of the court in the admission and exclusion of evidence. Appellant has not called our attention to the page and line of the record showing the rulings of the court in admitting and excluding such evidence.

Clause five of rule twenty-two of this court requires that a party asserting that a ruling of the trial court is erroneous must refer to the page and line of the transcript where the same may be found. It has been uniformly held that this court will not search the record for errors, and unless such rule is complied with they will not be considered. *Board, etc., v. Gibson, ante,* 471; *Memphis, etc., Co.* v. *Pikey,* 142 Ind. 304, 317; *Harlan* v. *State,* 134 Ind. 339, 342; *Louisville, etc., R. Co.* v. *Donnegan,* 111 Ind. 179, 190; *Brunner* v. *Brennan,* 49 Ind. 98, 101; *State* v. *Winstandley,* 151 Ind. 495, 501, 502, and authorities cited.

It is insisted that the verdict is contrary to law, and not sustained by sufficient evidence. These causes for a new

trial, as well as the other causes assigned, depend for their determination on the evidence, and will not be considered, on account of the failure of appellant to comply with that part of rule three which requires that "the name of each witness, and whether the examination is direct, cross or redirect, shall be stated on the margin of each page. * * * And shall prepare an index referring to the initial page of the direct, cross and reëxamination of each witness * * * such index to form the first page of the transcript"; and that part of clause five of rule twenty-two which provides that "If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

Judgment affirmed.