# RICHARD A. ALLEN v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

November 24, 1911.

Nos. 17,308—(102).

**Sale of railroad tickets — evidence.**

It was conclusively established by the evidence that the plaintiff was afforded the usual and reasonable opportunity to purchase a ticket before the train started upon which he desired to take passage.

**Payment of cash fare — railroad rule reasonable.**

It is a reasonable regulation to require a passenger without a ticket, who tenders cash for transportation, to pay ten cents more than the regular fare; the passenger being furnished with a receipt, which entitles him to a refundment of the ten cents.

**Same.**

This rule is not in conflict with chapter 97, Laws 1907, which fixes the maximum rate of transportation of passengers at two cents per mile.

Action in the district court for Ramsey county to recover $1,500, damages for alleged forcible ejection from defendant's train. The complaint alleged that on July 22, 1910, plaintiff went to defendant's station at Savage, Minnesota, to take passage over defendant's railway to St. Paul; that he was prevented by defendant from buying a ticket of its agent and, upon defendant's express invitation, entered the train without a ticket; that he paid the fare amounting to thirty-seven cents which the conductor retained; that before his arrival in St. Paul, defendant arbitrarily ordered him off the train; that he declined to go and was thereupon forcibly ejected by defendant; that through his failure to reach St. Paul on time he was unable to keep an appointment, whereby he expected to secure lucrative employ-

[1] Reported in 133 N. W. 462.

[Note]  Validity of extra charge for passenger fare when paid on train, see note in 20 L.R.A. 483.

ment for six months. The amended answer alleged that plaintiff boarded the train without a transportation ticket; that he tendered the sum of thirty-seven cents, the regular fare from Savage to St. Paul, and was told to pay ten cents additional; that he failed to do so and was put off at Mendota; that it maintained a ticket office at Savage and a reasonable opportunity was given plaintiff to purchase a ticket; that plaintiff's condition and conduct were such as to endanger the comfort and persons of defendant's passengers. The reply denied that plaintiff was given a reasonable time in which to purchase his ticket; that his conduct and condition interfered with the passengers' comfort and alleged that the rule requiring ten cents additional where no ticket had been purchased was prohibited by the laws of the state.

The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $300. From an order denying its alternative motion for judgment notwithstanding the verdict and granting a new trial unless plaintiff consented to a reduction of the verdict to $150, defendant appealed. Reversed and judgment ordered for defendant.

*George W. Peterson,* for appellant.
*Baker & Wedge,* for respondent.

Lewis, J.

Action to recover damages for the alleged unlawful ejection of the plaintiff from defendant's train at the village of Mendota, in this state, on July 22, 1910. Plaintiff recovered a verdict of $300, which was reduced by the trial court to $150, and the defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Savage is a station on defendant's road eighteen and one-half miles distant from the city of St. Paul, and plaintiff testified that on July 22, 1910, desiring to go to St. Paul, he asked the agent, who was on the platform in front of the baggage car, if he had time to get a ticket, and the conductor, who was standing in the baggage car door, said that he did not, and told him to get on the train, as he was going to shut the vestibule; that he then got on the train, and it immediately

pulled out. He said the conductor and agent were thirty or forty feet from the ticket office when he got there. He further stated on cross-examination that his parents resided in the vicinity of Savage, and that he had been at work there, and had bought tickets from that point to St. Paul; that the train was about ready to pull out when he arrived; that he knew the agent was also in charge of the express and baggage, and was engaged with the express when he arrived, and that no one was in the ticket office. He stated that he had seen the train come in when he was two blocks away, and that he ran to the depot, and was there only half a moment or so before the train started. When the conductor came through to take up the tickets, the plaintiff tendered him thirty-seven cents as the regular fare from Savage to St. Paul. The conductor advised him that ten cents in addition to the regular charge was required, because he did not have a ticket, and refused to accept the amount as sufficient for the fare to St. Paul, and stated that thirty-five cents paid his fare to Mendota, with a refundment of ten cents, and gave plaintiff a refunding receipt for ten cents and tendered him back two cents. The plaintiff rode as far as Mendota, and then, on demand of the conductor, left the train and walked from Mendota to Fort Snelling, the distance of one and one-half miles, at which point the street car line connected with St. Paul.

1. The train was scheduled to arrive at 3:27 p. m., and the station house was open for the sale of tickets during the entire day. Savage was a small station, and presumably the business was not sufficient to require the presence of a ticket agent for the exclusive purpose of selling tickets. It is not an unreasonable regulation to require the ticket agent to perform the duties of selling tickets and also to handle the baggage and express. Passengers should have every reasonable opportunity to purchase tickets, but it would be unreasonable to require the agent at such a station to remain in the ticket office up to the last moment before the departure of trains. His duties at that time required his presence elsewhere, and there is no claim that plaintiff would not have secured a ticket, had he applied within a reasonable time before the train was ready to depart. The fact that the agent told him that there was time to get

a ticket, and the conductor immediately informed him there was not time, did not relieve the plaintiff from the result of his own carelessness in being late. The agent showed a disposition to accommodate him, but the conductor was in charge of the train, and there is no claim that it started before the scheduled time. Defendant was not required, under the circumstances, to hold the train until plaintiff could secure a ticket. The evidence was conclusive that the defendant afforded plaintiff the usual and reasonable opportunity to purchase a ticket, and that his failure to do so was due to his own carelessness. State v. Hungerford, 39 Minn. 6, 38 N. W. 628. See also Reed v. Great Northern Ry. Co. 76 Minn. 163, 78 N. W. 974.

2. That passengers shall purchase tickets is a reasonable, if not a necessary, method in conducting the business of passenger transportation, and the rule of the company that passengers shall pay ten cents extra, with a subsequent refundment, when cash is tendered instead of a ticket, seems to us a perfectly reasonable regulation. It is not a scheme to exact a higher rate from those who do not purchase tickets. It is intended to enforce a less complex and safer method of conducting the business. If for any reason it is not possible or convenient to purchase a ticket, the additional requirement that a passenger pay the additional ten cents with the right of refundment, is not such a burden as to make the rule unreasonable. The enforcement of such a rule has the tendency to educate the traveling public to purchase tickets, and in any event they suffer only the inconvenience of presenting the receipt at any ticket office to receive back the money.

We do not consider the rule in violation of chapter 97, p. 109, Laws 1907 (R. L. Supp. 1909, §§ 2007—1, 2007—2), which fixes the maximum rate for the transportation of passengers by railroads at two cents per mile. Reese v. Pennsylvania, 131 Pa. St. 422, 19 Atl. 72, 6 L.R.A. 529, 17 Am. St. 818.

Reversed, and judgment ordered for defendant.